## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

CHRISTOPHER W. FAIRCLOTH, et al., )
                                  )
        Plaintiffs,               )
                                  )
    v.                            )        No. 4:19-cv-1188-RLW
                                  )
BILL BOWYER, et al.,              )
                                  )
        Defendants.               )

## MEMORANDUM AND ORDER

This matter is before the Court on its own motion. This action was filed jointly by six prisoners confined at the Farmington Correctional Center: Christopher W. Faircloth, Elvis Kelley, Dale Reed, Virgil A. Stallone, Anthony M. Greer, and Lester Charles. Plaintiffs bring this action pursuant to 42 U.S.C. § 1983 against seven defendants, all of whom are employed by the Missouri Department of Corrections. Briefly, plaintiffs allege that their Eighth Amendment rights are being violated because they are being subjected to unsanitary conditions that threaten their health.

This Court does not allow prisoners to file jointly under Rule 20 of the Federal Rules of Civil Procedure. *E.g., Georgeoff v. Barnes*, No. 2:09-cv-14-ERW, 2009 WL 1405497 (E.D. Mo. May 18, 2009). There are different reasons for this. First, plaintiffs herein are subject to the Prison Litigation Reform Act ("PLRA"), which requires that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). As multiple filing fees cannot be collected for one case filed by multiple plaintiffs, the requirement that a prisoner pay the full fee would be circumvented in a multiple-plaintiff case subject to the PLRA. *See* 28 U.S.C. § 1914. Therefore, § 1915(b)(1)'s requirement that each prisoner pay the full amount of a filing fee requires individual prisoners to

bring separate suits, rather than file jointly under Rule 20. *See Hubbard v. Haley*, 262 F.3d 1194

(11th Cir. 2011).

Additionally, "impracticalities inherent in multiple-prisoner litigation militate against the

permissive joinder allowed by Rule 20." *Hagwood v. Warden*, 2009 WL 427396 *2 (D. N.J.

Feb. 19, 2009). As noted by the *Hagwood* Court:

> Among the difficulties noted by these courts are the need for each plaintiff to sign
> the pleadings, and the consequent possibilities that documents may be changed as
> they are circulated or that prisoners may seek to compel prison authorities to
> permit them to gather to discuss the joint litigation. [Other courts] have also
> noted that jail populations are notably transitory, making joint litigation difficult.
> A final consideration for [one court] was the possibility that coercion, subtle or
> not, frequently plays a role in relations between inmates.

*Id.* (quotations omitted).

Finally, permitting joinder of prisoners' claims would allow prisoners to avoid the risk of

incurring strikes as defined in 28 U.S.C. § 1915(g) so long as another prisoner's claim is viable,

as a strike is incurred only if the entire action is dismissed. Prisoners may not circumvent the

PLRA's penalty for filing frivolous actions by joining together in a single lawsuit.

For these reasons, the Court will not allow plaintiffs to proceed jointly in this action.

Nothing in this Memorandum and Order should be construed as precluding the plaintiffs from

cooperating to the extent they are able, or as preventing the future consolidation of cases

involving these plaintiffs if that becomes appropriate at a later date.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall **STRIKE** plaintiffs Elvis Kelley, Dale

Reed, Virgil A. Stallone, Anthony M. Greer, and Lester Charles from this action.

**IT IS FURTHER ORDERED** that, using the complaint filed in the instant case, the Clerk shall open a new prisoner civil rights case for each of the five stricken plaintiffs: Elvis Kelley, Dale Reed, Virgil A. Stallone, Anthony M. Greer, and Lester Charles.

**IT IS FURTHER ORDERED** that the Clerk is directed to file a copy of plaintiff Elvis Kelley's motion for leave to proceed in forma pauperis and certified inmate account statement (Docket Nos. 4 and 5) in plaintiff Elvis Kelley's case.

**IT IS FURTHER ORDERED** that the Clerk is directed to file a copy of plaintiff Dale Reed's motion for leave to proceed in forma pauperis and certified inmate account statement (Docket Nos. 6 and 7) in plaintiff Dale Reed's case.

**IT IS FURTHER ORDERED** that the Clerk is directed to file a copy of plaintiff Virgil A. Stallone's motion for leave to proceed in forma pauperis and certified inmate account statement (Docket Nos. 8 and 9) in plaintiff Virgil A. Stallone's case.

**IT IS FURTHER ORDERED** that the Clerk is directed to file a copy of plaintiff Anthony M. Greer's motion for leave to proceed in forma pauperis and certified inmate account statement (Docket Nos. 10 and 11) in plaintiff Anthony M. Greer's case.

**IT IS FURTHER ORDERED** that the Clerk is directed to file a copy of plaintiff Lester Charles's motion for leave to proceed in forma pauperis and certified inmate account statement (Docket Nos. 12 and 13) in plaintiff Lester Charles's case.

**IT IS FURTHER ORDERED** that the Clerk is directed to file a copy of this Memorandum and Order in each new case.

Dated this ⟋ day of May, 2019.

Ronnie L. White

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

-3-